UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 27, 2006
Decided April 6, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3654

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-0056-S-01 |
| VICTOR WARD, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

### O R D E R

Victor Ward pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). At sentencing the district court applied the sentencing guidelines as advisory in anticipation of a ruling in *United States v. Booker*, 543 U.S. 220 (2005), which was then pending before the Supreme Court. The court sentenced Ward to a prison term of 135 months and also announced that it would impose the identical sentence even assuming the guidelines were mandatory. Ward argues that the sentencing court, despite purporting to apply the guidelines as advisory, failed to do so. We affirm the judgment.

Ward was arrested after repeatedly selling crack cocaine to an informant. A later search of his father's home disclosed approximately 85 grams of crack that Ward had stored there. Ward was charged with four sales but pleaded guilty to a single count involving 7.02 grams of crack. That drug amount, coupled with Ward's prior drug conviction, yielded a statutory minimum term of 120 months. 21 U.S.C. §§ 841(b)(1)(B)(iii), 851.

Ward was sentenced in October 2004 while this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), was under review in the Supreme Court. At sentencing the district court explicitly stated that, in view of *Booker*, it would impose a sentence consistent with the factors in 18 U.S.C. § 3553(a) and look to the guidelines only "as an advisory and a reliable indicator." In formulating a sentence the court considered the nature of the offense; Ward's criminal history, personal characteristics, and employment history; and the need to deter future criminal activity and protect the public. The court also considered written argument and character letters submitted by Ward, as well as defense counsel's oral argument for a sentence at the low end of the range. Counsel noted that Ward was only 19 when he incurred his prior drug conviction 12 years before sentencing in this case. Counsel also represented generally that a long prison term would impact Ward's children and other family members with whom he has close and loving relationships. Finally, counsel argued that a sentence at the low end of the range was appropriate because Ward entered his plea late—and therefore lost the opportunity for an additional one-level reduction—only because he was focused on seeking pretrial release to visit his dying father.

Ultimately the district court imposed a term of 135 months, the high end of the guidelines range of 120 to 135 months. The court explained that, in light of Ward's "numerous violations over a significant period of time" and the fact that he apparently had supported himself by selling crack for most of his adult life, a sentence of 135 months would "achieve the societal interest of punishing and deterring the defendant as well as protecting the community." The court added that, even under a mandatory guidelines scheme, its sentence would be the same.

Ward does not assert that the underlying calculation of his guidelines imprisonment range was incorrect, nor does he argue that the sentence was unreasonable. Rather, he essentially argues that the district court's statement that it was applying the guidelines as advisory should not be given weight because, according to Ward, the court could not have known *how* to apply the guidelines as advisory prior to the Supreme Court's decision in *Booker*. This argument is without merit because the district court was following our directive, *see Booker*, 375 F.3d at 515, that sentencing courts formulate alternative sentences as a matter of prudence.

Moreover, we have affirmed sentences that applied the guidelines as advisory during the period when this court's *Booker* decision was under review by the Supreme Court. For example, in *United States v. Bryant*, 420 F.3d 652 (7th Cir. 2005), the sentencing court, in anticipation of the Supreme Court's decision in *Booker*, treated the guidelines as advisory, considered the § 3553(a) factors, and imposed a discretionary sentence that fell within the guidelines range. *Id.* at 654–56. We rejected Bryant's argument that the sentencing court erred in attempting to anticipate the fate of the guidelines—the very argument that Ward makes in this case—and found that the sentencing court properly treated the guidelines as advisory. *Id.* at 655–56. And in *United States v. Lister*, 432 F.3d 754 (7th Cir. 2005), Judge Shabaz took the same approach he did here by imposing a sentence using the guidelines as advisory and then stating an alternative, mandatory sentence should the Supreme Court find the guidelines constitutional. *Id.* at 757–59. We found no *Booker* error in the sentencing court's attempt to anticipate the future of the guidelines by viewing them as advisory. *Id.* at 761–62. This case is no different from *Bryant* and *Lister* in that respect.

Because the district court properly imposed a sentence that applied the guidelines as advisory, there was no *Booker* error. Accordingly, we AFFIRM the judgment of the district court.